Ey tub Cuukt.
 

 It doth not appear in the statement of the case, whether Eunice, the heir at law of Mrs. .Jasper, was of full age, or covert at the time of Mrs. Jasper’s death. Although the fact" be not stated in the case, yet it is admitted by the parties, that Clayton and Beiamar had seven years possession of the lands before the death of Mrs. Jasper. The character of their possession is evidenced by the deed under which they claimed. it is also admitted, that this possession was continued for more than three years after Mrs. Jasper’s death, if, instead of the death of Mrs. Jasper, she had become discovert, the act of 1715, oh. 27, gave her three years after her discoverture to bring lies* suit or make her entry. 'What, time shall be allowed to her heir at law ? It is said, if at the time the descent is cast, the-heir labour under disability, the statute of limitations shall remain suspended during the disability; so that if Eunice was married to Roger Jones at the time of Mrs. Jasper’s death, she shall have during all the coverture and three years thereafter, to bring her suit or make her •entry or claim, notwithstanding seven years adverse possession hail run in the life-time of her ancestor, Mrs. Jasper. This would at once present the question of cumulative disabilities to the Court; a question which will, not be decided until it be fairly presented. It would be wrong to decide it in this case by assuming facts which
 
 *65
 
 are not in proof. As the verdict and judgment in this case is not conclusive upon the rights of the parties, the Court will rather presume that Eunice laboured under no disability when Mrs. Jasper died, and that this suit being instituted more than three years after that event, her right of entry* was barred by the adverse possession of the Defendants. Judgment for Defendants.